IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00840-MSK-MJW

DARRELL STOFFELS,

Plaintiffs,

v.

UNITED STATES OF AMERICA,
CRAIG B. SHAFFER, Magistrate Judge, presiding in Case No. 06sw5197-CB in the
United States District Court for the District of Colorado,
KATHLEEN M. TAFOYA, Magistrate Judge, presiding in Case No. 10mj01055-BNB in
the United States District Court for the District of Colorado,
INTERNAL REVENUE SERVICE,
PATRICK C. HEGARTY,
UNITED STATES MARSHAL'S OFFICE,
DOUGLAS COUNTY, COLORADO SHERIFF'S OFFICE,
PEGEEN D. RHYNE,
DAVID M. GAOULETTE,
ERIC HOLDER,
JERALD MASON, and
JULIO FITZGIBBONS,

Defendants.

---

**RECOMMENDATION ON
MOTIONS TO SUBSTITUTE THE UNITED STATES AS DEFENDANT
(Docket Nos. 131, 154, 163, and 179)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This matter was referred to the undersigned pursuant to an Order of

Reference to Magistrate Judge issued by Judge Marcia S. Krieger on May 4, 2010

(Docket No. 15), and the letter reassigning the case to the undersigned filed on

June 30, 2010 (Docket No. 128).

The plaintiff, Darrell Stoffels, is a defendant in a criminal action (Criminal Case No. 10-mj-01055-BNB, now Criminal Case No. 10-cr-00197-CMA) brought in this District for failure to file tax returns. This action was commenced when the plaintiff filed a so-called "Counterclaim" in the criminal action, which was docketed as a new civil case, this action now before the court. Plaintiff's "Counterclaim" raises civil claims apparently relating to the search of his residence and the criminal prosecution. The court takes judicial notice of the docket in Criminal Case Nos. 10-mj-01055-BNB and 10-cr-00197-CMA. The docket reflects that a jury trial was held in June 2010, and plaintiff here was found guilty on all three counts of an Information charging him with failure to file a tax return. Sentencing is now set for November 12, 2010, at 9:00 a.m. before Judge Arguello. (Docket No. 84 in 10-cr-00197-CMA).

Before the court are four motions to substitute the United States of America for ten of the defendants.[1] (Docket Nos. 131, supplemented/amended by Docket No. 134 [concerning defendants Eric Holder, David Gaouette, Pegeen Rhyne, and Patrick Hegarty], 154 [concerning defendants Internal Revenue Service and the U.S. Marshal Service], 163 [concerning defendants Julio Fitzgibbons and Jerald Mason], and 179 [concerning defendants Magistrate Judges Shaffer and Tafoya]). The pro se plaintiff has filed responses (Docket Nos.161 and 154) to the first two of these motions, and the United States filed a combined reply (Docket No. 178). The court has carefully

---

[1]No appearance has been made on behalf of the other defendant in this action, the Douglas County, Colorado Sheriff's Office. Plaintiff filed an "Affidavit of Service" indicating that the Summons and plaintiff's "Counterclaim" was merely sent to the Sheriff's Department on May 20, 2010, by certified mail. (Docket No. 78).

considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law and the court's file. The court now being fully informed makes the following findings, conclusions, and recommendation that the motions to substitute be granted.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

The United States of America moves to have the United States substituted as the defendant for all purposes of the Complaint as against ten of the defendants, namely, defendants Eric Holder, David Gaouette, Pegeen Rhyne, Patrick Hegarty, Julio Fitzgibbons, Jerald Mason, Shaffer, Tafoya, the Internal Revenue Service, and the U.S. Marshal Service, pursuant to 28 U.S.C. § 2679(b)(1), asserting the following. At the time of the incident alleged in the Complaint, defendants Eric Holder, David Gaouette, Pegeen Rhyne, Patrick Hegarty, Julio Fitzgibbons, Jerald Mason, Shaffer, and Tafoya have been certified to be federal employees acting within the scope of their federal employment with respect to the issues raised in the plaintiff's pleading. Certificates of

Scope of Employment have been filed (Docket Nos. 131-1, 163-1, 179-1).  The Federal

Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(b)(1), provides that a suit against the

United States shall be the exclusive remedy for persons with claims for damages

resulting from the actions of federal employees taken within the scope of their

employment.  In addition, the FTCA, 28 U.S.C. § 2679(d)(1), provides that upon

certification by the Attorney General or his delegated representative that a federal

employee was acting within the scope of employment at the time of the incident out of

which the claim arose, any civil action arising out of the incident shall be deemed an

action against the United States, and the United States shall be substituted as sole

defendant for said claim.  The Attorney General has delegated certification authority to

the Assistant Attorney General in charge of the Civil Division, and the latter has re-

delegated certification authority to the United States Attorneys.  Here, the United States

Attorney for this District, David Gaouette, has made such a certification with regard to

eight of the defendants.  With respect to defendants the Internal Revenue Service and

the U.S. Marshal Service, the Government asserts that a federal agency is not a proper

defendant for a claim brought under the FTCA.  See Miller v. United States, 710 F.2d

656, 657 n.1 (10th Cir. 1983) ("[A]n action under the FTCA may be brought only against

the United States and not against an agency.").  Therefore, the United States should be

substituted as the defendant for the claims against these two federal agencies.

Based on the above, it is recommended that the United States be substituted as

defendant in this action for the claims against these ten defendants.  In the Federal

Employees Liability Reform and Tort Compensation Act of 1988, commonly known as

the Westfall Act, Congress amended the Federal Tort Claim Act (FTCA) to clarify that:

> The remedy against the United States provided by [the FTCA] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred. . . . .

28 U.S.C.A. 2679(b)(1); Herlik v. Knight, 2008 WL 185521, at *1 (D. Colo. Jan. 18, 2008).  Here, it is undisputed that defendants Eric Holder, David Gaouette, Pegeen Rhyne, Patrick Hegarty, Julio Fitzgibbons, Jerald Mason, Shaffer, and Tafoya were employees of the federal government during the times at issue.  The United States is the proper party instead of these eight defendants and the two federal agency defendants.  See Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the four Motions to Substitute the United States of America as Defendant (Docket Nos **131, 154, 163, and 179**) be granted and thus that the caption of this case be amended to reflect the United States of America as a defendant and removing as defendants Eric Holder, David Gaouette, Pegeen Rhyne, Patrick Hegarty, Julio Fitzgibbons, Jerald Mason, Shaffer, Tafoya, the Internal Revenue Service, and the U.S. Marshal Service.  If this recommendation is accepted, then the caption should be amended to reflect this substitution.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District**

**Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  September 22, 2010                          s/ Michael J. Watanabe
      Denver, Colorado                          Michael J. Watanabe
                                           United States Magistrate Judge