It IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00840-MSK-MJW

DARRELL STOFFELS,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

## OPINION AND ORDER GRANTING MOTION TO DISMISS

---

**THIS MATTER** comes before the Court pursuant to Defendant United States of America's Motion to Dismiss (**# 190**), to which no responsive papers have been filed.

Although written in the peculiar argot common to some *pro se* parties, Mr. Stoffels' Complaint (**# 1**) (captioned "Counterclaim for Trespass on the Case, Special Assumpsit, and Replevin Verefied") and the extensive exhibits attached thereto belie a somewhat understandable set of factual assertions.

On December 14, 2006, officials from the Internal Revenue Service and other federal law enforcement officials executed a search warrant on Mr. Stoffels' home in Castle Rock, Colorado. The warrant, issued by Magistrate Judge Shaffer, was incident to a showing of probable cause to charge Mr. Stoffels with violations of 26 U.S.C. § 7201 (attempt to evade income tax); 26 U.S.C. § 7203 (failure to file income tax return); and 42 U.S.C. § 408 (false statement relating to Social Security number). The warrant authorized the officials to seize a variety of items found on Mr.

1

Stoffels' premises, including bank records, business records, computer files, and various other materials relating to the charges.  Although occurring somewhat chronologically remote, it appears that the officials also issued a Summons to Mr. Stoffels to appear in Denver on April 8, 2010 to answer an Information filed in March 2010 in *U.S. v. Stoffels*, D.C. Colo. Crim. Case No. 10-cr-197-CMA.  Without attempting to disentangle Mr. Stoffels' use of incongruous and archaic legal terms, it is sufficient to observe that Mr. Stoffels believes that both the Internal Revenue Service and the Court lack jurisdiction over him.

Mr. Stoffels' Complaint, naming both Magistrate Judge Shaffer (who issued the search warrant) and Magistrate Judge Tafoya (who conducted the arraignment on Mr. Stoffels' criminal charges), along with various individuals and agencies involved with the execution of the warrant and the prosecution of Mr. Stoffels, purports to allege five causes of action: (i) common-law trespass, apparently relating to the execution of the search warrant; (ii) "special assumpsit," asserted against officials of the United States Attorney's Office for "violat[ing] their duty of office by initiating the original action against [him] with the intent to arrest, prosecute, and cause injury to [him]"; (iii) "replevin," apparently seeking the return of the property that was seized during the execution of the search warrant; (iv) "trespass on the case," insofar as Mr. Stoffels "reasonably expects to exercise his substantive right to freely make a living by working without interference," and that the Defendants breached a duty "to use due care and not cause an injury to [Mr. Stoffels] or interfere with said rights or immunities in any way"; and (v) "vicarious liability," in that "each [Defendant] is vicariously liable for each instance of injury."

Upon the United States' motion and certification that each of the named Defendants were acting within the scope of their employment with the United States at the time of the events

2

herein, the United States was substituted for each of the Defendants pursuant to 28 U.S.C. § 2679(d)(1).

The United States now moves to dismiss (**# 190**) the action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Among other things, the United States argues that: (i) Mr. Stoffels' claims are tortious in nature, and thus subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, but Mr. Sotffels failed to exhaust his administrative remedies under 28 U.S.C. § 2401(b), thereby depriving the Court of subject matter jurisdiction over the claims; (ii) because the claims involve allegations relating to "the assessment or collection of any tax" (which includes acts incident to criminal prosecutions for tax evasion, *see e.g. Pace v. Platt*, 2002 WL 32098709 (N.D. Fla. Sept. 10, 2002) (unpublished)),  they fall within an exception to the FTCA's waiver of sovereign immunity pursuant to 28 U.S.C. § 2680(c); (iii) the claims against Magistrate Judges Shaffer and Tafoya are barred by absolute judicial immunity; (iv) the tresspass and "treaspass on the case" claims fail to state a cognizable claim under Rule 12(b)(6), insofar as the Defendants were privileged to enter onto Mr. Stoffels' property pursuant to the search warrant; (v) the claim for "assumpsit" fails to state an cognizable claim; (vi) the claim for replevin fails to state a claim insofar as Mr. Stoffels has not identified any specific property that the Defendants are in possession of; and  (vii) there is no cognizable claim for "vicarious liability" in the absence of an actionable claim against a Defendant.

Mr. Stoffels did not respond to the motion.

In considering Mr. Stoffels' filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors

and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Stoffels of the duty to comply

with the various rules and procedures governing litigants and counsel or the requirements of the

substantive law, and in these regards, the Court will treat him according to the same standard as

counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106,

113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Notably, the Court is

not permitted to assume the role of Mr. Stoffels' advocate or to develop claims that Mr. Stoffels

has not attempted to state. *Hall*, 935 F.2d at 1110.

An extended discussion of the Court's analysis is not necessary here. Having reviewed

the authority supporting each of the United States' arguments regarding subject-matter

jurisdiction listed above – *i.e.* arguments (i) and (ii) – the Court finds those arguments to be

meritorious. Because the Court finds that it lacks subject matter jurisdiction over all of Mr.

Stoffels' claims, it need not reach the Defendants' alternative argument that Mr. Stoffels has

failed to state any cognizable claim under Fed. R. Civ. P. 12 (b)(6) (although the Court would

also find those arguments to be meritorious). Accordingly, the Defendants' Motion to Dismiss

**(#190)** is **GRANTED**, and the Complaint is **DISMISSED** in its entirety for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The Clerk of the Court shall close this case.

      Dated this 9th day of September, 2011

                     **BY THE COURT:**

                     Marcia S. Krieger
                     United States District Judge